[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #130
 FACTS
CT Page 9496
The plaintiff obtained a judgment after default against the defendant May Industries Corp. on two five thousand dollar loans. Judgment was entered by the court, Ford, J., in the amount of $6,212.39 on May 26, 1998. The plaintiff now seeks payment from the guarantors of the loans, Yuly Aranson and Anthony Branca,[1]
by way of a motion for summary judgment, arguing that the doctrines of res judicata and collateral estoppel preclude Aranson and Branca from raising defenses on behalf of the corporation. Aranson has responded by filing an affidavit in which he avers to substantially similar special defenses and counterclaims as those previously pleaded by Aranson and Branca individually.
 DISCUSSION
"[A] judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." Slattery v. Maykut, 176 Conn. 147, 157, 405 A.2d 76
(1978). Thus, the doctrine of res judicata is permissibly applied in the context of a default judgment, and precludes Aranson from raising specific claims which could have been raised earlier by the corporation.
"Although not every default judgment should have the same issue preclusive effect as an actual adjudication between the present parties, in the interest of judicial economy and repose for litigants, we envision some circumstances where it would be appropriate to give issue preclusive effect to a default judgment. We have previously noted, after addressing the scope of issue and claim preclusion, that appropriate inquiry with respect to both types of preclusion is whether that party had an adequateopportunity to litigate the matter in the earlier proceeding." (Internal quotation marks omitted.) Jackson v. R. G. Whipple,225 Conn. 705, 717-18, 627 A.2d 374 (1993).
The plaintiff's complaint was filed on October 24, 1994. The corporate defendant never made an appearance and was defaulted over two years after the complaint was filed. The corporate defendant had an adequate opportunity before being defaulted to litigate the issues now being raised.[2] Aranson may not now raise special defenses and counterclaims which could have been raised by the corporation in an effort to avoid the judgment. Accordingly, the plaintiff's motion for summary judgment against CT Page 9497 Aranson and Branca is granted.
NADEAU, JUDGE